UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>v.<br><br>JOSE GABRIEL RAMOS-MORAN,<br><br>                           Defendant. | Case No.: 19CR2984-LL<br><br>**ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS THE INFORMATION, DENYING DEFENDANT'S MOTION TO COMPEL, AND DENYING DEFENDANT'S MOTION TO CARRY FORWARD PREVIOUSLY FILED MOTIONS**<br><br>**[ECF No. 29]** |

On September 10, 2019, the Parties appeared before the Court regarding Defendant Jose Gabriel Ramos-Moran's Motions to Dismiss the Information, Motion to Compel Discovery, and Motion to Carry Forward Previously Filed Motions and Court Orders [ECF No. 29]. The Court **DENIED** Defendant's motions for the reasons stated on the record and as set forth in the analysis below.

## PROCEDURAL BACKGROUND

On August 6, 2019, the Court arraigned Defendant on an Information charging Defendant with a single misdemeanor count of violating 8 U.S.C. § 1325(a)(1). ECF Nos.

25 and 26. Defendant entered a non-guilty plea. ECF No. 26. On August 13, 2019, Defendant filed the instant Motions to Dismiss the Information, Motion to Compel Discovery, and Motion to Carry Forward Previously Filed Motions and Court Orders. ECF No. 29. On August 16, 2019, the Government filed its Response. ECF No. 30.

## ANALYSIS

### I. DEFENDANT'S MOTION TO DISMISS THE INFORMATION UNDER THE NON-DELEGATION DOCTRINE

Defendant moves to dismiss the Information on the grounds that Congress purportedly violated the non-delegation doctrine in enacting § 1325(a)(1). See ECF No. 29-1 at 3-6. Specifically, Defendant argues that "Congress delegated away its core legislative function when it allowed 'immigration officers' to determine in their discretion what times and places to designate for entry without providing those officers with any guidance about how they should exercise their discretion." Id. at 3. In its Response, the Government argues that § 1325 properly "establishes the existence of Ports of Entry but leaves to the Executive the practical implementation of where those Ports are and when they are open." ECF No. 30 at 3. The Government denies Congress had "to be more specific." Id.

Article I of the Constitution provides that "[a]ll legislative Powers herein granted shall be vested in a Congress of the United States[.]" USCS Const. Art. I, § 1. Accompanying this assignment of power "is a bar on its further delegation." Gundy v. United States, 139 S. Ct. 2116, 2123 (2019). Congress may not delegate "powers which are strictly and exclusive legislative." Wayman v. Southard, 23 U.S. (10 Wheat.) 1, 42 (1825). Congress may however "obtain the assistance of its coordinate Branches" and "may confer substantial discretion on executive agencies to implement and enforce the laws." Gundy, 139 S. Ct. at 2123 (citations omitted).

As the Supreme Court recently made clear, the standards to show a permissible delegation "are not demanding." Id. at 2129. The Supreme Court has "almost never felt qualified to second-guess Congress regarding the permissible degree of policy judgment

that can be left to those executing or applying the law." Id. (quoting Whitman v. Am. Trucking Ass'ns, 531 U.S. 457, 474-75 (2001)). Indeed, the Supreme Court has "[o]nly twice in this country's history (and that in a single year)" found a delegation excessive and in each case only because "'Congress had failed to articulate any policy or standard' to confine discretion." Gundy, 139 S. Ct. at 2129 (emphasis in original) (citations omitted).

Here, Congress's delegation to the Executive Branch under § 1325(a)(1) is limited: the Executive Branch is responsible for designating "times and places" for aliens to lawfully enter the United States. Congress requires that aliens seeking lawful entrance to the United States do so at a port of entry. See United States v. Corrales-Vasquez, 931 F.3d 944, 946 (9th Cir. 2019); United States v. Aldana, 878 F.3d 877, 882 (9th Cir. 2017). The details of where these ports are located and their operation is left to the executive agency responsible for staffing these facilities. The Court does not find that this delegation falls outside of constitutional bounds.

Defendant attempts to read a broader delegation into the statute by arguing that any individual immigration official can designate any piece of land as a place of entry. As the Government points out however, the designation of ports of entries are governed by the noticed rule making process of the Administrative Procedures Act. See 6 U.S.C. § 112 ("The issuance of regulations by the Secretary [of Homeland Security] shall be governed by the provisions of chapter 5 of title 5 [the Administrative Procedures Act][.]"); see also United States v. Aldana, 878 F.3d 877, 882 (9th Cir. 2017) (finding that a "port of entry" includes a "physical facility that is staffed by immigration officials[.]"); Opening of Boquillas Border Crossing and Update to the Class B Port of Entry Description, 77 FR 76346 (2012) (a final rule, preceded by a notice of proposed rulemaking, that established a Class B port of entry for immigration purposes).

Defendant's argument that any immigration officer can arbitrarily designate ports of entries therefore does not comport with the actual regulatory scheme. For these reasons, the Court **DENIES** Defendant's Motion to Dismiss the Information on non-delegation grounds.

3

19CR2984-LL

## II. DEFENDANT'S MOTION TO DISMISS THE INFORMATION FOR VAGUENESS

Defendant separately moves to dismiss the Information on the grounds that § 1325(a)(1) is unconstitutionally vague. ECF No. 29-1 at 9-10. Specifically, Defendant argues § 1325(a)(1) "allows an immigration officer, including a Border Patrol agent, to decide what places and times to designate" as a point of entry and "[a]n immigration officer can decide what to designate for any reason or no reason at all." Id. at 10. Defendant therefore argues § 1325(a)(1) is "amenable to arbitrary enforcement." Id.

In its Response, the Government argues that Defendant's argument is "[u]nburdened by any record" of an individual Border Patrol Agent arbitrarily willing a Port of Entry into and out of existence and that the theoretical possibility of this occurring does not render the law unconstitutionally vague. ECF No. 30 at 4.

The Supreme Court has held a statute can be impermissibly vague for "either of two independent reasons." Hill v. Colorado, 530 U.S. 703, 732 (2000) (citing City of Chicago v. Morales, 527 U.S. 41, 56-57 (1999)). First, a statute is impermissibly vague "if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits." Id. Second, a statute is impermissibly vague "if it authorizes or even encourages arbitrary or discriminatory enforcement." Id.

Defendant does not appear to seriously argue that § 1325(a)(1) does not provide people of ordinary intelligence with a reasonable opportunity to understand what conduct it prohibits. Indeed, it is clear what § 1325(a)(1) prohibits: § 1325(a)(1) makes it a "crime to enter the United States without submitting to examination or inspection" and "covers conduct occurring at any time or place other than 'a designated port of entry when it is open for inspection.'" Corrales-Vazquez, 931 F.3d at 953.

Defendant contends the statute is still subject to a facial attack because § 1325(a) encourages arbitrary enforcement. See ECF No. 29-1 at 10. Specifically, Defendant argues that any immigration officer can allegedly create or de-designate a border crossing point "on a whim." See id.

Defendant's argument is substantively the same as the argument the Court addressed above. As the Court already discussed, interpreting § 1325(a) to permit a border patrol agent to designate a border crossing point "on a whim" is in direct conflict with Congress's clear statutory scheme. It is well established that "speculation about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statute when it is surely valid 'in the vast majority of its intended applications[.]'" Hill, 530 U.S. at 733 (quoting United States v. Raines, 362 U.S. 17, 23 (1960)). Given the formal procedures required to designate and de-designate a port of entry, the Court finds Defendant's hypothetical arguments are insufficient to support a facial attack.

For these reasons, the Court **DENIES** Defendant's Motion to Dismiss the Information on vagueness grounds.

### III. DEFENDANT'S MOTION TO DISMISS BECAUSE IT ALLEGEDLY FAILS TO ALLEGE ALL ELEMENTS OF THE CHARGED OFFENSE

Defendant also moves to dismiss the Information because it allegedly "fails to contain the implied *mens rea* for the attempt portion of § 1325(a)(1)." ECF No. 29-1 at 11. Specifically, Defendant argues that the Information: (1) does not allege that Defendant "attempted to enter the United States with the purpose, i.e., conscious desire to enter the United States at a non-designated time and place"; and (2) does not allege that Defendant "knew he was an 'alien' when he attempted to enter the United States." Id.

#### A. Intent

A charging document must include the "essential facts constituting the offense charged[.]" Fed. R. Crim P. 7(c)(1). A charging document "that tracks the words of the statute violated is generally sufficient" to allege the elements of an offense, but "implied necessary elements, not present in the statutory language, must be included in an indictment." United States v. Jackson, 72 F.3d 1370, 1380 (9th Cir. 1995) (citations omitted).

Here, the Government argues Defendant's argument is foreclosed by the Supreme Court's decision in United States v. Resendiz-Ponce, 549 U.S. 102, 107 (2007). ECF No.

30 at 6. This Court agrees. In <u>Resendiz-Ponce,</u> the Supreme Court reiterated the two constitutional requirements for an indictment are that: (1) it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend"; and (2) that it "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." 549 U.S. at 108 (quoting <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974)). In so doing, the Supreme Court held that the use of the word "attempt" in a charging document "encompasses both the overt act and intent elements." <u>Id.</u> at 107. Similarly, in this case, the Information's use of "attempt" encompasses the intent element Defendant alleges is missing.

Defendant cites to the Ninth Circuit's decision in <u>United States v. Fuentes</u>, 252 F.3d 1030 (9th Cir. 2001). The <u>Fuentes</u> decision, however, pre-dates the Supreme Court's <u>Resendiz-Ponce</u> decision. As the Government notes, in more recent (albeit unpublished) decisions following <u>Resendiz-Ponce</u>, the Ninth Circuit has found the use of the word "attempt" in a charging document adequately puts a Defendant on notice of the intent component of a charged offense. See <u>United States v. Devore</u>, 771 F. App'x 427, 428 (9th Cir. 2019) (unpublished) (finding that the use of the word "attempt" "connotes both action and intent" and using the phrase "attempt to" adequately put Defendant "on notice of the intent component of the charge."); <u>United States v. Elk-Booth</u>, 481 F. App'x 326, 326-27 (9th Cir. 2012) (unpublished) (finding an indictment was not erroneous where it charged Defendant with attempted aggravated sexual assault despite failing to articulate specific intent requirement because it charged Defendant with "attempting to do so").

For these reasons, the Court **DENIES** Defendant's Motion on the grounds that it fails to allege the specific intent element of the charged offense.

B.      **<u>Knowledge</u>**

The Court next addresses Defendant's argument that the Information is deficient "because it fails to allege that [Defendant] knew he was an 'alien' when he committed the charged offense." See ECF No. 29-1 at 13-16. Defendant cites to the Supreme Court's recent decision in <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019) in support. ECF No. 29-

6

1 at 15-16. The Government argues Rehaif does not directly bear upon this case. ECF No. 30 at 7. This Court agrees that the rationale in Rehaif is not directly applicable to the prosecution in this case.

The Rehaif case involved a prosecution under: (1) 18 U.S.C. § 922(g) which provides that "[i]t shall be unlawful" for certain individuals to possess firearms; and (2) § 924(a)(2) which provides that anyone who "knowingly violates" the first provision shall be fined or imprisoned for up to ten years. Rehaif, 139 S. Ct. at 2194. The Supreme Court held that in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the government was required to "show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Id. The Court finds Rehaif distinguishable in at least two ways.

First, the statute at issue in Rehaif—18 U.S.C. § 924(a)(2)—expressly provided that anyone who "knowingly violates" 18 U.S.C. § 922(g) be fined or imprisoned for up to ten years. As the Supreme Court held, the question in Rehaif therefore concerned "the scope of the word 'knowingly.'" Rehaif, 139 S. Ct. at 2194. In contrast to 18 U.S.C. § 924(a)(2)'s express use of "knowingly," here, Congress did not incorporate a "knowingly" requirement into the text of § 1325(a)(1).

Second, the Rehaif Court was careful to distinguish between those offenses where the defendant's status was the "crucial element" separating innocent from wrongful conduct with other statutes and other offenses such as "misappropriating classified information, seeking to evade detection for certain federal crimes, and facilitating child pornography" which "would be wrongful irrespective of the defendant's status." Id. at 2197.

In addressing this point, Defendant argues "[a] U.S. citizen who just enters or attempts to enter the United States at a non-designated time or place has committed no offense." Id. at 29-1 at 16. Therefore, Defendant argues that it is a defendant's status (and not his conduct) that makes the difference between criminal and non-criminal conduct under § 1325(a)(1).

Although Defendant cites to 19 U.S.C. § 1459 in support of this argument, the Court is unable to reconcile Defendant's argument with the statutory language of § 1459. Specifically, 19 U.S.C. § 1459 states in relevant part:

> Except as otherwise authorized by the Secretary, individuals arriving in the United States other than by vessel, vehicle, or aircraft shall—
>
> (1) enter the United States only at a border crossing point designated by the Secretary; and
>
> (2) immediately—
>
> (A) report the arrival, and
>
> (B) present themselves, and all articles accompanying them for inspection;
>
> to the customs officer at the customs facility designated for that crossing point.

The plain text of the statute mandates that an individual "shall" comply with both of its requirements. That is, an "individual" must both: (1) enter the United States "only at a border crossing point"; and (2) immediately report the arrival and present themselves to the customs officer at the customs facility designated for that crossing point. From the plain text, Defendant's conduct would have violated the law even if he was a U.S. citizen. Defendant's status was therefore not the "crucial element" separating wrongful from innocent conduct.

For these reasons, the Court **DENIES** Defendant's Motion to Dismiss the Information for failure to allege Defendant had knowledge he was an alien.

IV. **DEFENDANT'S MOTION TO COMPEL**

Defendant requests that the Court "require the government to produce all discovery required under Brady and Henthorn" and their progeny. ECF No. 29-1 at 17. It is well established that the Government has a self-executing obligation to turn over

8

Brady/Henthorn qualifying information. In this case, the United States has stated that it "understands and will comply with its obligations" under Brady, Giglio, Rule 16 and the Jencks Act. ECF No. 30 at 9. It is unnecessary for the Court to issue an order requiring compliance. For these reasons, Defendant's Motion to Compel is **DENIED AS MOOT**.

V. **DEFENDANT'S MOTION TO CARRY FORWARD ALL PREVIOUSLY FILED MOTIONS AND ORDERS**

Defendant requests that the Court "explicitly carry forward all previously filed motions and rulings" which were made prior to the government filing the current information. Defendant specifies he is not asking the Court "additional issues related to his previously filed discovery motion" but is asking the Court to carry forward all previous motions and rulings "for purposes of the record for any potential appellate review." ECF No. 29-1 at 18. The Government does not address this request in its Response. See ECF No. 30. All of the Parties' previous motions and the Court's rulings already appear on the docket. See Docket. It is therefore not necessary for the Court to "carry forward" any of the Parties' previous motions or this Court's previous rulings. For these reasons, Defendant's Motion is **DENIED AS MOOT.**

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motions to Dismiss the Information, **DENIES** Defendant's Motion to Compel Discovery, and **DENIES** Defendant's Motion to Carry Forward Previously Filed Motions and Orders.

**IT IS SO ORDERED.**

Dated: September 13, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge